UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2012 AUG 15  P 3: 02

U.S. DISTRICT COURT
BRIDGEPORT, CONN

DOUGLAS E. JOHNSON

V.                                                PRISONER
                                        CASE NO. 3:12CV552 (VLB)

EDWARD BLANCHETTE, ET AL.

### RULING ON PENDING MOTIONS

The plaintiff seeks to amend the complaint to add several
forms of relief and to clarify the claims in the complaint.  The
Federal Rules of Civil Procedure provide that plaintiff may amend
his complaint once as of right "within 21 days after serving [the
complaint] or . . . [within] 21 days after service of a" pleading
responsive to the complaint "or 21 days after service of a
motion" to dismiss, for more definite statement or to strike.
Rule 15(a)(1), Fed. R. Civ. P.  To date, the complaint has not
been served and no answer, motion to dismiss, for more definite
statement or to strike has been filed by the defendants.
Accordingly, the motion to amend is granted.

The plaintiff also asks the court to appoint *pro bono*
counsel to represent him.  The Second Circuit repeatedly has
cautioned the district courts against the routine appointment of
counsel.  *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d
Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d
Cir. 1989).  The Second Circuit has made clear that before an

appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 996 (1991).

The plaintiff states that he contacted the American Civil Liberties Union and the Inmates' Legal Assistance Program. The American Civil Liberties Union declined to assist the plaintiff. The Inmates' Legal Assistance Program sent a letter to the plaintiff informing him that the attorneys in the office could only assist inmates with conditions of confinement claims. The letter does not indicate that Inmates' Legal Assistance has declined to help the plaintiff with this case. The court concludes that the plaintiff's two attempts to find counsel are insufficient to demonstrate to the court that plaintiff cannot obtain legal assistance on his own.

Although attorneys at the Inmates' Legal Assistance Program are not permitted to represent inmates, they are available to answer questions about discovery issues, research legal issues and draft motions and memoranda for prisoners. The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time.

### Conclusion

The plaintiff's Motion to Amend the Complaint [**doc. # 7**] is **GRANTED.  The plaintiff has not attached a proposed amended**

complaint to his motion.  Accordingly, the court will permit the plaintiff thirty days to file his amended complaint.  The plaintiff is reminded that an amended complaint completely replaces the original complaint.  Thus, the amended complaint shall include all of the claims and requests for relief he seeks to have the court consider and shall name all of the defendants against whom he seeks relief.

The Motion for Appointment of Counsel [**doc. #3**] is **DENIED** without prejudice to refiling at a later stage of litigation. Any renewal of this motion shall be accompanied by a summary of any further attempts to obtain counsel or legal assistance, including the names of the attorneys contacted, the dates upon which plaintiff made those contacts and the reasons why assistance was unavailable.

SO ORDERED this _15_ day of ~~July~~ *august*, 2012, at Bridgeport, Connecticut.

/s/ Holly B. Fitzsimmons, USMJ

Holly B. Fitzsimmons
United States Magistrate Judge